**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 1:19-cr-00130-JLK

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

1. **YONG QIANG XU,**
2. **KEXING WANG,**
3. **KHUAN XI SAN,**
4. **ANNIE MEI LIAN SANXU,**
5. **QIANG SHENG XU, and**
6. **WENZHEN WU,**

    **Defendants.**

---

**GOVERNMENT'S MOTION TO TEMPORARILY VACATE
MOTION RESPONSE DEADLINE**

---

The United States of America moves to vacate the motion response deadline of July 9, 2019, in the above matter, until other pending motions in this case can be resolved, and additional clarity can be established regarding scheduling matters.  The deadline is currently July 9, 2019, per the Court's minute order located at ECF No. 73.  The trial is currently scheduled for July 22, 2019.  ECF No. 67.

On July 1, 2019, a series of motions was filed by three different defendants in this matter.  ECF Nos. 76-80.  They are summarized below:

- Defendant Qiang Sheng Xu filed motions relating to discovery, a motion for a 30-day extension of time to file additional motions, and a motion for production of

*Bruton* materials and determination of admissibility of co-conspirator statements. ECF Nos. 77-79.

- Defendant Sanxu filed a motion to suppress, ECF No. 76, and
- Defendant Yong Qiang Xu filed an unopposed motion for a continuance and extension of deadlines, ECF No. 80.

The government is seeking temporary vacatur of the motion response deadline of July 9, 2019, to provide time to confer with defense counsel regarding scheduling and discovery in this case, to promote progress in this case in as efficient a manner as possible, and to allow the pending motions for a continuance and extension of the motion response deadline, ECF Nos. 78 and 80, to be ruled on by the Court.

Granting the government's motion would be appropriate for several reasons. First, the government is in the process of assembling additional discovery materials in this matter and anticipates producing those materials within the next two to three days. This additional discovery, which counsel for the government learned of only recently, includes downloads of cellular phones and additional investigative reports. The government anticipates that some or all defendants may desire additional time to review these materials.

Second, in the event that the Court grants defendant Qiang Xu's motion for a continuance and also adjusts the motions deadlines, and the parties are able to resolve this case with a negotiated disposition, the government may be able to avoid engaging in unnecessary preparation of motion responses, thereby promoting efficiency. Moreover, in the event that this case is resolved with a

negotiated disposition, not having to respond to motions will weigh in favor of the government seeking an adjustment to defendants' offense level under Section 3E1.1(b) of the U.S. Sentencing Guidelines.

Third, one defendant, Wenzhen Wu, has not yet appeared in court, making it likely that additional motion practice will occur regardless of the current deadline for motion responses.  Indeed, after she has her initial appearance, she is likely to request additional time to prepare for trial rather than proceed to trial on July 22, 2019.  She is also likely to ask for additional time to prepare and file motions, necessitating an adjustment in dates and deadlines in any event.  Temporarily vacating the motion response deadline will lay the groundwork for allowing the government to respond to all defense motions at once.

Fourth, because Ms. Wu has not yet had her initial appearance, and the reason for the delay in having the initial appearance is reasonable—i.e., allowing Ms. Wu to give birth to her child and recover from that process without being detained by law enforcement—no time has elapsed in this case under the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(6); *United States v. Margheim*, 770 F.3d 1312,1318-19 (10th Cir. 2014) ("The general rule is that all defendants who are joined for trial fall within the speedy trial computation of the latest codefendant." (quoting *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) (modifications omitted)); *United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998) (explaining that the "speedy trial clock does not begin to run in a multi-defendant prosecution until the last codefendant makes his initial appearance in court").  As a result, once

Ms. Wu makes her initial appearance, the government anticipates filing an additional motion to adjust the dates and deadlines in this case to ensure that all defendants can be tried together, and that all defendants are operating on similar litigation schedules. Thus, temporarily vacating the motion response deadline at this juncture will not adversely affect the Speedy Trial clock in this matter.

Finally, as evidenced by the contrast in motions filed by the various defendants, there is some difference in viewpoint among various defendants as to the current posture of this case. Temporarily vacating the motion response deadline will provide the parties with additional latitude to confer and potentially increase the efficiency with which this case is resolved, either by trial or negotiated disposition.

Counsel for the government contacted counsel for all defendants save Wenzhen Wu to inquire about their position regarding this motion. Prior to filing, counsel for the government was able to confirm that counsel for Qiang Sheng Xu does not oppose this motion. Government counsel was not able to learn of the position of the other defendants.

Respectfully submitted this 2nd day of July, 2019.

                              JASON R. DUNN
                              United States Attorney

By:   *s/ Barbara Skalla*
       Barbara Skalla
       *s/ Aaron Teitelbaum*
       Aaron M. Teitelbaum
       Assistant U.S. Attorneys
       United States Attorney's Office
       1801 California St., Suite 1600
       Denver, Colorado 80202
       Phone: (303) 454-0100
       Fax: (303) 454-0401
       E-mail: Aaron.Teitelbaum@usdoj.gov
       Attorneys for the Government

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 2nd day of July, 2019, I electronically filed the foregoing **GOVERNMENT'S MOTION TO TEMPORARILY VACATE MOTION RESPONSE DEADLINE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

               *s/ Aaron Teitelbaum*
               Aaron M. Teitelbaum
               Assistant U.S. Attorney
               U.S. Attorney's Office
               1801 California St., Suite 1600
               Denver, CO 80202
               Telephone: (303) 454-0100
               Fax: (303) 454-0401
               E-mail: Aaron.Teitelbaum@usdoj.gov
               Attorney for Government